<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **STEVE MCLEOD,**<br><br>Plaintiff,<br><br>v.<br><br>**PATTI CAMPER, *et. al.*,**<br><br>Defendants. | Civil Action No. 19-20421 (ZNQ) (RLS)<br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon a Motions to Dismiss ("the Motion") filed by Defendants Patti Camper, Pittsburgh Public Schools, and Shawn McNeil (collectively, "Defendants") pursuant to the Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). (ECF No. 32.)  Defendants filed a brief in support of their Motion.  ("Moving Br.", ECF No. 32.) Plaintiff opposed ("Opp'n Br.", ECF No. 34), and Defendants replied ("Reply Br.", ECF No. 35). The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure[1] 78 and Local Civil Rule 78.1.  For the reasons set forth below, the Court will GRANT the Motion.

## I.    <u>PROCEDURAL HISTORY</u>

Plaintiff initiated this action on November 18, 2019 by filing his initial complaint, naming both himself and AJM, a minor, as Plaintiffs.  (ECF No. 1.)  The initial complaint named Patti

---

[1] For the sake of brevity, all references herein to "Rule" will be to the Federal Rules of Civil Procedure.

Camper and Pittsburgh Public Schools as Defendants.  (*Id.*)  On April 25, 2022, Plaintiff filed a Motion to Amend his Complaint.  (ECF No. 18.)  The Court granted Defendants' Motion (ECF No. 19), and Plaintiff filed his Amended Complaint on June 27, 2022 ("Am. Compl.", ECF No. 20).  Defendant removed AJM as a Plaintiff and added Defendant Shawn McNeil in his Amended Complaint.  (*Id.*)  Defendants filed the instant Motion to Dismiss on August 29, 2022.  (ECF No. 32.)

## II.    <u>**FACTUAL BACKGROUND**</u>[2]

On October 15, 2019, Plaintiff contacted Defendant Patti Camper ("Defendant Camper") regarding a transfer of his child from a court-ordered school. (Am. Compl. at 3.)  Plaintiff asked Defendant Camper to provide him with a second copy of the court order. (*Id.*)  Instead of providing Plaintiff with a copy of the order, Defendant Camper filed an allegation of harassment against Plaintiff and restricted his rights to access and participate in parental activities.  (*Id.*)

Plaintiff alleges that Defendant Camper conspired with Margaret Prescott, Esq. and came to court on June 24, 2020 and stated that Plaintiff arrived at the school unannounced. (*Id.*)  Plaintiff claims that Defendant had police turn him away from the school and threatened criminal prosecution. (*Id.*)

Next, Plaintiff claims Defendant Shawn McNeil refused to provide Plaintiff with a copy of his child's school records.  (*Id.*)  Plaintiff claims Family Education Rights and Privacy Acts were detected by the Pennsylvania Educational Department.  (*Id.*)  Finally, Plaintiff asserts that he was neither informed nor provided with an invitation to his child's eight grade graduation. (*Id.*)

---

[2] For purposes of this motion, given the Plaintiff's status as a *pro se* litigant, the Court will liberally construe the facts set forth in the Amended Complaint.  *See Higgs v. Atty. Gen. of the U.S.,* 655 F.3d 333, 339 (3d Cir. 2011).

III.   **LEGAL STANDARD**

A.   ***Pro Se* Complaints**

Plaintiff in this matter is proceeding *pro se*.  "The obligation to liberally construe a *pro se* litigant's pleadings is well-established." *Higgs,* 655 F.3d at 339 (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) ).  "Courts are to construe complaints so 'as to do substantial justice,' Fed. R. Civ. P. 8(f), keeping in mind that *pro se* complaints in particular should be construed liberally." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004).  "Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist*., 132 F.3d 902, 906 (3d Cir. 1997)).  "[T]here are limits to [the courts'] ... flexibility.... [P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 245 (3d Cir. 2013).  "Even a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs*, 984 F. Supp. 2d at 282 (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

B.   **Federal Rule of Civil Procedure 12(b)(2)**

Once a defendant raises a jurisdictional defense under Rule 12(b)(2), the plaintiff bears the burden of establishing sufficient facts showing that jurisdiction is proper over each defendant. *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2007); *see Mellon Bank PSFS, National Association v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).  A plaintiff may only satisfy this burden "through sworn affidavits or other competent evidence" – reliance on pleadings and allegations alone is insufficient. *Patterson v. Fed. Bureau of Investigation*, 893 F.2d 595, 603-04 (3d Cir. 1990) (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd*., 735 F.2d 61, 67 n.9 (3d Cir.

1984)) (noting Rule 12(b)(2) is "inherently a matter which requires resolution of factual issues outside the pleadings"). Where, as here, the Court has not held an evidentiary hearing on a motion to dismiss for lack of personal jurisdiction, "the plaintiff need only establish a prima facie case of personal jurisdiction and. . . is entitled to have [his] factual allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004); *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009).

A federal court may exercise personal jurisdiction over a defendant only to the extent permitted by the law of the forum state. Fed. R. Civ. P. 4(k)(1)(A). New Jersey's long-arm statute, N.J. Civil Practice Rule 4:4–4(c), applicable in this case, extends jurisdiction over non-residents "'to the uttermost limits permitted by the United States Constitution.'" *Mesalic v. Fiberfloat Corp.,* 897 F.2d 696, 698 (3d Cir. 1990) (quoting *Charles Gendler Co. v. Telecom Equity Corp.*, 102 N.J. 460, 469 (1986)). To establish personal jurisdiction, a "plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')." *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (quoting *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, 416 (1984)).

## IV.  **DISCUSSION**

### A.  **General Jurisdiction**

General jurisdiction is satisfied when the defendant's affiliations with the forum state are "so continuous and systematic as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal citation and quotation marks omitted). For a corporate defendant, the main bases for general jurisdiction are (1) the place of incorporation; and (2) the principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117,

(2014) (internal citations omitted).  Aside from these exemplar bases, general jurisdiction may arise in the "exceptional case" where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Id*. at 761 n.19.

Here, Defendants argue that they are not subject to general jurisdiction in the State of New Jersey.  (Moving Br. at 6.)  Plaintiff does not address the issue of general jurisdiction in his opposition brief.  (*See generally* Opp'n Br.)  All Defendants are described in the Amended Complaint as residents of Pennsylvania.  (Am. Compl. at 4.)  Plaintiff failed to provide any evidence to demonstrate that Defendants contain systematic and continuous contact with the state of New Jersey to warrant this Court exercising specific jurisdiction here.  Accordingly, the Court lacks general jurisdiction over Defendants.

## B.   <u>Specific Jurisdiction</u>

A finding of specific personal jurisdiction requires courts to examine whether: (1) the defendant purposefully directed its activities at the forum state or otherwise purposefully availed itself to the privileges of conducting activities within the state; (2) the plaintiff's claims arise out of or relate to one of those specific activities; and (3) the assertion of jurisdiction comports with notions of fair play and substantial justice.  *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007).  The focus of whether specific jurisdiction over a nonresident defendant exists is on "'the relationship among the defendant, the forum, and the litigation.'"  *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) (quoting *Keeton v. Hustler Magazine, Inc*., 465 U.S. 770, 775 (1984)).  "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State."  *Id*. at 284.

Defendants argue that they do not contain sufficient minimum contacts required for the Court to exercise specific jurisdiction.  (Moving Br. at 6.)  Defendants assert that they did not

purposefully direct its activities at New Jersey, but rather, their only contacts with New Jersey have thus been initiated by the Plaintiff or in response to his actions.  (*Id*. at 7.)

Plaintiff argues that Defendants contacted Plaintiff by phone directly in New Jersey, had Pittsburgh Police contact Plaintiff at his home in New Jersey, and emailed Plaintiff while he was in New Jersey.  (Opp'n Br. at 6.)  Plaintiff also asserts that Defendants solicited the sale of items to Plaintiff knowing he was located in New Jersey.  (*Id*.)

Plaintiff has the burden to prove that his claims arise out of or relate to the Defendants' contacts with New Jersey for this Court to assert specific jurisdiction over Defendants.  *See Burger King Corp. v. Rudewicz*, 471 U.S. 462 (1985).  Plaintiff may satisfy this burden through sworn affidavits or other competent evidence.  *See Patterson,* 893 F.2d at 603-04.  Plaintiff specifically asserts that "this matter is simple about an issue with his child['s] school."  (Opp'n Br. at 4.)  Plaintiff, however, fails to assert any facts that the "issue with his child's school" arises from or are related to Defendants' contacts with the state of New Jersey.  The Amended Complaint alleges that Defendants violated the Family Education Rights and Privacy Acts and restricted Plaintiff's rights to access and participate in parental activities.  (Am. Compl. at 3.)  Plaintiff does not allege the name of a location in his factual statement; all facts alleged by Plaintiff refer to actions by the School District or its employees, or relate to Plaintiff's child's schooling.  Plaintiff merely claims that Defendants contacted Plaintiff while he was located in the State of New Jersey.  (Opp'n Br. at 6.)  Plaintiff, however, does not assert how his cause of action is related to or arises from these contacts to New Jersey.

Accordingly, the Court does not have specific jurisdiction over Defendants in this matter.

## V.    <u>**CONCLUSION**</u>

For the reasons stated above, the Court lacks personal jurisdiction over Defendants. Accordingly, the Court will GRANT the Motion to Dismiss pursuant to Rule 12(b)(2).  The Court will also permit Plaintiff another opportunity to plead his claims by granting leave to file a Third Amended Complaint within 30 days.  Given Plaintiff's two prior attempts, however, failure to remedy the defects identified by the Court herein may result in dismissal of his claims with prejudice.


Date: **January 13, 2023**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE**
