NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVE MCLEOD,<br><br>Plaintiff,<br><br>v.<br><br>PATTI CAMPER, *et al.*,<br><br>Defendants. | Civil Action No. 19-20421 (RK) (RLS)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon a Motion to Dismiss and/or Transfer Venue, filed on June 12, 2023 by Defendants Pittsburgh Public Schools ("PPS") and PPS employees, Patti Camper and Shawn McNeil, (ECF No. 48 ("Def. MTD")) (collectively, the "School Defendants"), a Motion to Dismiss for Lack of Jurisdiction filed on June 28, 2023 by Defendant and attorney Margaret Prescott, (ECF No. 54 ("Prescott MTD")), and a Motion by Plaintiff Steve McLeod to Vacate the Court's Order staying discovery in this case pending resolution of Defendants'[1] motions, (ECF No. 58). The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motions are **GRANTED** and this case is **DISMISSED** for lack of personal jurisdiction. Plaintiff's Motion to Vacate is **DENIED** as moot.

---

[1] The Court refers to the School Defendants and Prescott together as "Defendants."

I.   **BACKGROUND**

A.   FACTUAL BACKGROUND

Plaintiff's Third Amended Complaint is difficult to discern. (*See generally* ECF No. 45, Third Amended Complaint ("TAC").) It appears that this action arises from a dispute regarding the court-ordered transfer of Plaintiff's daughter to a new school. On August 24, 2018, Plaintiff learned that Defendant Patti Camper ("Camper") had, based on a court order, initiated a transfer of Plaintiff's daughter to attend Sister Thea Brown Catholic School. (*Id.* at *4.) Plaintiff objected to his daughter's transfer and contacted Camper, a PPS employee, regarding same. (*Id.*) Camper filed a complaint against Plaintiff, restricting him from coming to the school. (*Id.*) Camper alerted the police and restricted Plaintiff from attending a parent-teacher meeting. (*Id.*) Camper then participated in a "custody case" against Plaintiff on June 24, 2020 and "made [a] false case" on December 20, 2022, making "false allegations" of harassment against Plaintiff and convincing the "assistant of Joseph [K]ennedy[,] law clerk of [J]udge Hugh F. McGough" that Sister Thea Brown Catholic School "ha[d] the authority to transfer" Plaintiff's daughter. (*Id.*)

Thereafter, Camper failed to inform Plaintiff of his daughter's graduation, which he missed as a result. (*Id.*) The school[2] has also refused to provide Plaintiff with access to his child's school file and refused to inform him about his child's extracurricular activities. (*Id.*) According to Plaintiff, Camper conspired with attorney Defendant Margaret Prescott ("Prescott"), and PPS "conspired with both lawyers of [the] [W]omen Center and Shelter of Greater Pittsburgh as well as Dickie McCamey and Childcote Pc" to make "false claims of child abuse and harassment against [P]laintiff." (*Id.* at *8–9).

---

[2] It is not clear from the Third Amended Complaint whether "the school" to which Plaintiff refers is PPS or Sister Thea Brown Catholic School.

2

Plaintiff alleges that the above conduct violated his Fifth and Fourteenth Amendment rights and violated "19 U.S.C. [S]ection 242," 31 U.S.C. Section 3729," and "18 U.S.C. Section 1404." (*Id.* at *8). Plaintiff alleges that he has suffered emotional distress, pain and suffering, and financial expense and seeks one million dollars in "puni[t]ive damages, pain and su[f]fering, emotional anguish[,] impending doom[,] stress, [and] depression." (*Id.* at *5.)

### B.  PROCEDURAL HISTORY

Plaintiff filed his initial complaint on November 18, 2019, naming both himself and AJM, his minor child, as Plaintiffs. (ECF No. 1.) The initial complaint named Camper and PPS as Defendants. (*Id.*) On April 25, 2022, Plaintiff filed a Motion to Amend his Complaint. (ECF No. 18.) The Court granted Plaintiff's Motion (ECF No. 19), and Plaintiff filed his Amended Complaint on June 27, 2022 (ECF No. 20). The Amended Complaint removed AJM as a Plaintiff and added Shawn McNeil ("McNeil") as a Defendant. (*Id.*) Defendants moved to dismiss for lack of jurisdiction on August 26, 2022. (ECF No. 32.) On January 13, 3023, the Honorable Zahid N. Quraishi, U.S.D.J., granted Defendants' motion. (ECF Nos. 38 ("MTD Op.").) Judge Quraishi found that Defendants were not subject to general personal jurisdiction because each Defendant was described as being a resident of Pennsylvania, nor were Defendants subject to specific personal jurisdiction because Plaintiff did not assert how this cause of action was related to or arose from contacts in New Jersey—rather, Plaintiff merely alleged that Defendants contacted him while he was located in New Jersey. (*Id.* at 5–6.)

Judge Quraishi granted Plaintiff leave to file a Third Amended Complaint. (*Id.* at 7.) On January 25, 2023, Plaintiff requested a six-month adjournment of this case due to Plaintiff's hospitalization and ongoing medical issues and requested assignment of pro bono counsel. (ECF No. 40.) Judge Quraishi denied Plaintiff's request for pro bono counsel, but granted Plaintiff's

3

adjournment request, administratively terminating this action. (ECF No. 41.) This case was reopened on May 8, 2023, (ECF No. 42), and was reassigned to this Court on May 15, 2023. (ECF No. 44.) On May 17, 2023, Plaintiff filed his Third Amended Complaint, which is now the operative pleading in this case. (ECF No. 45.) On June 12, 2023, the School Defendants filed a Motion to Dismiss and/or Transfer Venue. (Def. MTD.) That same day, the School Defendants filed a Motion to Stay Discovery pending resolution of Defendants' Motion to Dismiss and/or Transfer Venue. (ECF No. 49.) On June 28, 2023, Defendant Prescott filed a Motion to Dismiss for Lack of Jurisdiction. (ECF No. 54 ("Prescott MTD").) On August 1, 2023, Defendant Prescott also filed a Motion to Stay Discovery pending resolution of her Motion to Dismiss. (ECF No. 56.) On September 5, 2023, the Honorable Rukhsanah L. Singh, U.S.M.J., granted Defendants' Motions to Stay discovery in this matter. (ECF No. 57.)  Plaintiff did not file briefs in opposition to Defendants' Motions to Dismiss.[3] Instead, Plaintiff moved to vacate Judge Singh's Order Staying Discovery. (ECF No. 58.) Now pending before this Court are Defendants' unopposed Motions to Dismiss, (Def. MTD; Prescott MTD), and Plaintiff's Motion to Vacate, (ECF No. 58).

## II.   LEGAL STANDARD[4]

Rule 12(b)(2) permits a party to move to dismiss a case for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). Once a defendant raises a jurisdictional defense under Rule 12(b)(2), the

---

[3] Failure to respond to arguments advanced in support of a motion to dismiss results in a waiver of the claim sought to be dismissed. *Rapid Models & Prototypes, Inc. v. Innovated Sols.*, 71 F. Supp. 3d 492, 506 (D.N.J. 2014) (citing *Griglak v. CTX Mortgage Co.*, No. 09–5247, 2010 WL 1424023, at *3 (D.N.J. Apr. 8, 2010); *Leisure Pass N. Am., LLC v. Leisure Pass Group*, Ltd., No. 12–3375, 2013 WL 4517841, at *4 (D.N.J. Aug. 26, 2013) ("Plaintiff has waived its opposition to this argument by failing to respond to it."). Thus, the Court could dismiss Plaintiff's Third Amended Complaint on this basis alone. However, given Plaintiffs' *pro se* status, the Court will analyze the merits of the issues presented in Defendants' motions.

[4] Plaintiff is proceeding *pro se* in this matter. It is well established that a *pro se* complaint "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002) (internal quotation marks and citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court is obligated to construe *pro se* claims liberally and afford *pro se* plaintiffs the benefit of every doubt. *Alexander v. Gennarini*, 144 F. App'x 924,

plaintiff bears the burden of establishing that jurisdiction is proper "through sworn affidavits or other competent evidence"; reliance on pleadings and allegations alone is insufficient. *Patterson v. Fed. Bureau of Investigation*, 893 F.2d 595, 603-04 (3d Cir. 1990) (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984)) (noting Rule 12(b)(2) is "inherently a matter which requires resolution of factual issues outside the pleadings"). When a court "resolves the jurisdictional issue in the absence of an evidentiary hearing and without the benefit of discovery, the plaintiff need only establish a prima facie case of personal jurisdiction." *Otsuka Pharm. Co. v. Mylan Inc.*, 106 F. Supp. 3d 456, 461 (D.N.J. 2015). In such cases, a court "take[s] the allegations of the complaint as true." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996).

### III. DISCUSSION

The School Defendants and Defendant Prescott argue that this Court lacks personal jurisdiction over them. The Court agrees.

#### A. PERSONAL JURISDICTION

A federal court sitting in New Jersey "has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citations omitted). "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Id.* (citing N.J. Court R. 4:4–4(c)). This Court therefore has personal jurisdiction over a party that has "constitutionally sufficient 'minimum contacts'" with New Jersey. *Id.* (quoting *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 149 (3d Cir. 1992)).

---

926 (3d Cir. 2005). "Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

5

A non-resident defendant may be subject to personal jurisdiction in a forum based on one of two types of personal jurisdiction: "general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). General jurisdiction exists when a defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Only a "limited set of affiliations" with a forum can give rise to general jurisdiction, such that a court may find the defendant essentially at home in the forum. *Id.* at 137. Specific jurisdiction, by contrast, arises when a defendant "purposefully avail[s]" itself of a forum and the plaintiff's claims arise from a defendant's contacts with the forum. *Ford Motor Co.*, 592 U.S. at 358 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State . . . it is essential in each case that there be some act by which the defendant purposefully avails itself of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

    **a. School Defendants**

Turning first to the School Defendants, Judge Quraishi previously found that the Court did not have general jurisdiction over them. (MTD Op. at 5.) Nothing in the Third Amended Complaint affects the Court's general jurisdiction analysis. The Third Amended Complaint identifies each of the School Defendants as residing in Alleghany County, Pennsylvania and lists addresses for the School Defendants in Pittsburgh. (Def. MTD at 8; TAC at *3.) There is no basis in the Third Amended Complaint to find that the School Defendants have any significant contacts in New

Jersey—let alone affiliations with New Jersey that are so continuous and systematic as to render them essentially at home in New Jersey.[5]

With respect to specific jurisdiction, Plaintiff has the burden of demonstrating that his claims arise out of or relate to Defendants' contacts with New Jersey. Plaintiffs' Complaint is based on the alleged transfer of his child to a different school in Pittsburgh, Pennsylvania, Plaintiff's objection to the transfer, and the transferor school's alleged refusal to provide information to Plaintiff about his child, resulting in the separation of Plaintiff from his child. Plaintiff also complains that the School Defendants conspired to submit false allegations about him—presumably pertaining to his treatment of his child. None of these allegations appear to arise in New Jersey.

Plaintiff appears to attempt to cure the jurisdictional deficiencies identified by Judge Quraishi by including a "Jurisdiction and Venue" section in his Third Amended Complaint. (TAC at *9.) In it, Plaintiff alleges as follows:

> Pittsburg[h] [P]ublic [S]chool [] communicate[d] many times by phone and sen[t] numerous mails to [his] address and had a police officer contact [his] home threatening plaintiff outside of his jurisdiction so [he] would question any qualif[ied] immunity. Therefore[,] New Jersey as well as NJ Long arm requirements and minimum contact Rules should apply.

---

[5] The Third Amended Complaint states that "defendant is a government employee and employers which allow the jurisdiction of Government agency Defendant [and] [a]s such gives Jurisdiction to the United States Court in the district of New Jersey." (TAC at *9.) Local public school boards are generally considered state agencies. *Camden Cnty. Recovery Coal. v. Camden City Bd. of Educ. For Pub. Sch. Sys.*, 262 F. Supp. 2d 446, 449 (D.N.J. 2003). They are not United States agencies. Nor does that fact that PPS is a state agency provide a basis for this Court to exercise personal jurisdiction over the School Defendants. *See, e.g.*, *Boone v. Thompson*, No. 2-1580, 2002 WL 31478834, at *4-5 (E.D. Pa. Nov. 1, 2002) (finding that the U.S. District Court for the Eastern District of Pennsylvania did not have personal jurisdiction over a New Jersey state agency when there were no "continuous and systematic" contacts between the state agency and Pennsylvania); *Marshall v. Labor & Indus., State of Wash.*, 89 F.Supp.2d 4, 8-10 (D.D.C. 2000) (holding that the U.S. District Court for the District of Columbia did not have personal jurisdiction over defendant, a Washington state agency, when the allegedly illegal conduct occurred in the state of Washington).

7

(*Id.* at *9–10.) The fact that the School Defendants contacted Plaintiff in New Jersey or that police officers contacted Plaintiff at his home does not provide a basis for this Court to exercise specific jurisdiction over Defendants. Indeed, Judge Quraishi already rejected these exact same jurisdictional allegations. (MTD Op. at 6.) In Plaintiff's brief in opposition to the School Defendants' first Motion to Dismiss Plaintiff's Amended Complaint for lack of jurisdiction, Plaintiff contended that Defendants "contact[ed] plaintiff by phone directly in New Jersey[,] had police officers from Pittsburgh school public safety contact [P]laintiff at his home in New Jersey[,] [and] email[ed] [P]laintiff while he is in New Jersey." (ECF No. 34 at 6.) Judge Quraishi found such contacts insufficient for specific jurisdiction: "Plaintiff merely claims that Defendants contacted Plaintiff while he was located in the State of New Jersey . . . Plaintiff, however, does not assert how his cause of action is related to or arises from these contacts to New Jersey." (MTD. Op. at 6.) This Court agrees and finds no basis to exercise specific jurisdiction over the School Defendants.

### b. **Defendant Prescott**

The Court next turns to Defendant Prescott, who also moves to dismiss Plaintiff's Third Amended Complaint based on a lack of personal jurisdiction. First, the Court finds no basis to exercise general jurisdiction. Like the School Defendants, the Third Amended Complaint identifies Defendant Prescott as residing in Alleghany County, Pennsylvania and lists an address in Pittsburgh. (TAC at *3.) Second, there are almost no facts alleged that even involve Prescott, let alone facts that would provide a basis for the Court to find that Prescott purposefully availed herself of New Jersey or that Plaintiff's claims arise from Prescott's contacts with New Jersey. The only mention of Prescott in the entire Third Amended Complaint is the following sentence: "Defendants

8

Patti Camper and Margaret Prescott Esq. [conspired] to plot this action[6] then make false allegation[s] in court." (TAC at *8.) Moreover, Prescott is not mentioned in the "Jurisdiction and Venue" section of the Third Amended Complaint. (*Id.* at *9–10.) In short, this case concerns Plaintiff's child's enrollment at a school in Pittsburgh, Pennsylvania, and child custody proceeding that also appears to have taken place in Pittsburgh, Pennsylvania. The Court therefore finds that it lacks specific jurisdiction over Prescott.

Accordingly, the Court may not exercise personal jurisdiction over any of the Defendants in this action.[7] The Court therefore abstains from considering Defendants' arguments that the Third Amended Complaint fails to state a claim under Rule 12(b)(6).

### B. DISMISSAL IN LIEU OF TRANSFER

When a district court determines that it lacks personal jurisdiction, the court "must at least consider a transfer." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020). 28 U.S.C. § 1631 provides, in relevant part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . .

---

[6] The action that Plaintiff refers to appears to be a child custody proceeding during which Plaintiff lost custody of his daughter. (*See* TAC at *8 (alleging that his rights "to freely support [his] child" and make "the best decision for her" was violated when "they remove[d] her").) There are no facts alleged that suggest this child custody proceeding took place in New Jersey. Rather, Plaintiff attaches to the Third Amended Complaint a "Parenting Plan Order of Court" issued by the Court of Common Pleas of Alleghany County, Pennsylvania, Family Division, suggesting that the action to which Plaintiff refers is this child custody proceeding in Alleghany County. (TAC at *16.) The Court also notes that, in a separate action filed by Plaintiff which is pending before the Undersigned, the complaint also appears to arise from a family court matter that took place in Alleghany County, Pennsylvania, during which Plaintiff alleges that his child's mother made "false allegations of child abuse" against him. (*See McLeod v. UPMC Children's Hospital of Pittsburgh, et al.*, No. 21-116, ECF No. 31.)

[7] The Court also notes that New Jersey is also likely an improper venue. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406.

9

"The district court does, however, have 'broad discretion' not to transfer." *Danziger & De Llano, LLP*, 948 F.3d at 132 (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995)). The Third Circuit has stated that dismissal in lieu of transfer best serves "the interests of justice" where it is clear that transfer would be "a futile waste of judicial and party resources." *United States v. Foy*, 803 F.3d 128, 136 n.7 (3d Cir. 2015).

The Court finds dismissal in lieu of transfer best serves the interest of justice in this case. First, the operative pleading in this case was Plaintiff's third pleading. Plaintiff was warned by Judge Quraishi that failure to remedy the jurisdictional defects in Plaintiff's Amended Complaint may result in dismissal of Plaintiff's claims with prejudice. Plaintiff did not remedy the defects in his Third Amended Complaint nor did Plaintiff respond to Defendants' Motions to Dismiss, which have been pending for approximately nine (9) months. Plaintiff's failure to oppose Defendants' Motions to Dismiss alone could result in dismissal of this case. *See Rapid Models & Prototypes, Inc.*, 71 F. Supp. 3d at 506.

Second, a brief survey of Plaintiff's litigation history in this District demonstrates that Plaintiff has filed a deluge of other cases challenging the same underlying child custody proceeding which forms the basis of this case.[8] For example, Plaintiff sued Defendant Prescott and the Women's Center and Shelter of Greater Pittsburgh along with a number of Alleghany County defendants in 2019 contending that his child was transferred to a different school without his consent and that his child visitation rights were violated. (*See McLeod v. Fifth Judicial District et al.*, No. 19-12893, ECF Nos. 1, 7.) This case was transferred *sua sponte* to the Western District of Pennsylvania where Plaintiff voluntary dismissed the case. (*See McLeod v. Fifth Judicial District*

---

[8] Judicial proceedings are public records of which courts may take judicial notice. *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

10

*et al.*, No. 20-224, ECF No. 14.) Plaintiff again sued Defendant Prescott and a number of other defendants in 2020 challenging the Alleghany County child custody and child support proceedings. (*See McLeod v. Fifth Judicial District of Pennsylvania et al.*, No. 20-1362.) After filing three pleadings, the Honorable Michael A. Shipp *sua sponte* dismissed the case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). (*Id.*, ECF No. 24 ("Because McLeod had three bites at the apple to adequately plead a claim, the Court dismisses his third attempt with prejudice.").)[9] Moreover, as the Court noted above, there is a separate action currently pending before the Undersigned which appears to arise from the same underlying family court procceding, wherein Plaintiff complains that his minor child is receiving mental health treatment without his consent. (*See McLeod v. UPMC Children's Hospital of Pittsburgh et al.*, No. 21-116, ECF No. 31.) Plaintiff has had numerous opportunities in this case and in others to challenge the Alleghany County child custody proceedings. The interests of justice counsel against allowing this case to continue any further in another District.

---

[9] Plaintiff brought yet another suit in 2020 against the Fifth Judicial District of Pennsylvania, an Alleghany County judge, other Alleghany County defendants, and the New Jersey Department of Human Services. (*See McLeod v. Fifth Judicial District of PA, et al.*, No. 20-20475.) Judge Quraishi ordered Plaintiff to show cause as to why the case should not be dismissed for lack of subject matter jurisdiction. (*Id.*, ECF No. 58.) Rather than respond to Judge Quraishi's order, Plaintiff requested a six-month adjournment and thereafter filed a proposed Amended Complaint and an application to proceed *in forma pauperis* ("IFP"). (ECF Nos. 59, 62, 64.) The case was subsequently reassigned to this Court; Plaintiff's pending IFP in that matter will be addressed in a separate order.

In September, 2022, Plaintiff also sued the Brick Township Police Department for allegedly failing to provide Plaintiff with police reports and other communications between them and the Pittsburgh Sheriff's department, which allegedly resulted in Plaintiff's "loss of relationship" with his daughter and for which Plaintiff also sought one million dollars in damages. (*See McLeod v. Brick Township Police Department*, No. 22-5704, ECF No. 1.) After Plaintiff failed to respond to the Judge Quraishi's Order to Show Cause as to why the case should not be consolidated with others pending before the Court, the case was administratively terminated. (*Id.*, ECF No. 5.)

And in May, 2023, Plaintiff sued the same Defendants that are named in the present action; after Plaintiff failed to pay the filing fee or submit an application to proceed IFP, the Clerk of Court was ordered to close the case. (*See McLeod v. Camper, et al.*, No. 23-2374, ECF No. 4.)

11

Furthermore, although the Court abstains from ruling on the merits of Defendants' 12(b)(6) arguments as the Court lacks jurisdiction over Defendants, the Court may consider whether transfer would be futile: the Court finds that transfer would be a futile and a waste of judicial and party resources. *Foy*, 803 F.3d at 136 n.7. Although the Court is cognizant of Plaintiff's *pro se* status, even a "cursory examination" of Plaintiff's Third Amended Complaint demonstrates that Plaintiff's claims are without merit. *Sciore v. Phung*, No. CV 19-13775, 2022 WL 950261, at *18 (D.N.J. Mar. 30, 2022) (dismissing a case where transfer "will only prolong the inevitable, namely dismissal of [p]laintiff's frivolous claims"); *see also Qayyum v. Tillerson*, No. 17-6780, 2018 WL 2095603, at *3 (D.N.J. May 7, 2018) (dismissing a *pro se* plaintiff's case in lieu of transfer).

For example, Plaintiff alleges that he is bringing claims for "assault, libel, and slander." (TAC at *1.) These claims appear to be based solely on allegedly false accusations levied during Plaintiff's underlying family court proceeding. (*See id.* at *4 ("Patti [C]amper further came to custody case on [J]une 24, 2020 and made false case of the 12/20/2022 . . . [she] ma[d]e [a] false all[e]gation that [I] harass[ed] her.")) In both Pennsylvania and New Jersey, statements made during the course of judicial proceedings "are absolutely privileged and, therefore, cannot form the basis for liability for defamation." *See Richmond v. McHale*, 35 A.3d 779, 784 (P.A. Super 2012) (collecting cases); *Erickson v. Marsh & McLennan Co.*, 569 A.2d 793, 804 (N.J. 1990). Plaintiff also attempts to state claims under 18 US.C. §§ 241, 242, 1505, 1519, 2340, each of which is a criminal statute and therefore does not provide a private cause of action. *See, e.g., Graf v. Iora*, No. 23-01375, 2023 WL 7031544, at *3 (M.D. Pa. Sept. 20, 2023) (collecting cases).[10] Moreover,

---

[10] Plaintiff also cites 31 U.S.C. § 3729, a provision of the False Claims Act. The False Claims Act imposes civil liability upon "[a]ny person" who, *inter alia*, "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a). First, nothing in Plaintiff's Third Amended Complaint relates to claims for payment or approval submitted to the United States Government. Second, Plaintiff has not followed the procedures set forth in 31 U.S.C. § 3703(b) for bringing a qui tam action. Third, the False Claims Act does

12

as the Court noted in its Memorandum Order in Plaintiff's other action pending before this Court, while the Supreme Court has recognized "the rights of parents to care for and guide their children," parental liberty interests are "not absolute." (*See McLeod v. UPMC Children's Hospital of Pittsburgh et al.*, No. 21-116, ECF No. 55 at 6–7. (quoting *Anspach ex r el. Anspach v. City of Philadelphia, Dep't of Pub. Health*, 503 F.3d 256, 261 (3d Cir. 2007) (collecting cases)).) A parent's right does not "impose a *constitutional* obligation on state actors to contact parents of a minor." *Anspach*, 503 F.3d at 262 (emphasis in original). Rather, a plaintiff must demonstrate "manipulative, coercive, or restraining conduct by the State." *Id.* at 266. A state actor has no obligation "to act affirmatively in support of a plaintiff's parental rights." *Weidow v. Scranton Sch. Dist.*, No. 08-1978, 2009 WL 2588856, at *10 (M.D. Pa. Aug. 19, 2009). Thus, to the extent that Plaintiff is attempting to state a Fourteenth Amendment claim based on the School Defendants failure to contact him regarding the transfer of his child's school, his child's graduation, or his child's extracurricular activities, this claim is not actionable. Moreover, nothing in the Third Amended Complaint appears to implicate the Fifth Amendment, which protects against compelled self-incrimination. *See* U.S. Const. amend. V. Accordingly, because transfer of this case "will only prolong the inevitable, namely dismissal of Plaintiff's frivolous claims," *Sciore*, 2022 WL 950261, at *18, the Court finds dismissal in lieu of transfer serves the interest of justice.

---

not subject a state (or state agency) to liability for suits brought by private individuals. *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 787 (2000).

## C. CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss are **GRANTED**. Plaintiff was warned that failure to remedy jurisdictional defects may result in dismissal of Plaintiff's claims with prejudice. Plaintiff's Third Amended Complaint did not cure the defects identified in Plaintiff's Amended Complaint. Plaintiff's claims are thus **DISMISSED** with prejudice. Plaintiff's Motion to Vacate is therefore **DENIED** as moot. An appropriate Order accompanies this Opinion.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

<u>Dated</u>: March 19, 2024